# CIVIL DOCKET, DISTRICT COURT

CASE NO. A-0179460-

| NUMBER OF CASE | NAMES OF PARTIES | ATTORNEYS | KIND OF ACTION | DATE OF FILING | |
|---|---|---|---|---|---|
| A-0179460- | SCOTT, WILLIAM<br>VS<br>ALLSTATE TEXAS LLOYDS | SCOTT, RYAN C PLFT<br>NO ATTORNEY AT THIS TIME DEFT | CONTRACT | 6/08/2007 | |
| | | | DISPOSITION DATE | JURY FEE | DATE |
| | | | | 30.00 | 0/00/00 |

| DATE OF ORDERS | ORDERS OF THE COURT | PROCESS |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

I CERTIFY THIS AS A TRUE COPY
Witness my Hand and Seal of Office

JUN 11 2007

LOLITA RAMOS, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

BY Christina Motts DEPUTY

tabbies

EXHIBIT

A

(12).

CAUSE NO. A179-460

| | | |
|---|---|---|
| **WILLIAM SCOTT** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| | § | |
| **VS.** | § | **JEFFERSON COUNTY, TEXAS** |
| | § | |
| | § | |
| **ALLSTATE TEXAS LLOYD'S** | § | 58th **JUDICAL DISTRICT** |

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, William Scott, and files this, Plaintiff's Original Petition and Request for Disclosure, complaining of Defendant, Allstate Texas Lloyd's (hereinafter referred to as "Allstate"), and for this cause of action would show the court the following:

**DISCOVERY**

I.

The Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, the Plaintiff asks the court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

**PARTIES**

FILED
DISTRICT COURT OF
JEFFERSON CO TEXAS
07 JUN -8 AM 10 54
LOLITA RAMOS
DISTRICT CLERK

II.

Plaintiff, William Scott, resides in Jefferson County, Texas.

III.

Defendant, Allstate Texas Lloyd's, is an insurance company registered to engage in the business of insurance in the State of Texas. The Defendant, Allstate, is headquartered in Irving,

Texas. The Defendant may be served with process by certified mail, return receipt requested by serving: CT Corporation System, 350 North St. Paul Street, Dallas, Texas, 75201.

**JURISDICTION**

IV.

This court has jurisdiction over this cause because the amount in controversy is within the jurisdictional limits of this court.

V.

Venue in this cause is proper in Jefferson County, Texas, because the insured property is situated in Jefferson County, Texas.

**FACTS**

VI.

Plaintiff owns the insured property, which is specifically located at 3517 Maida Road, Beaumont, Texas, 77708 (hereinafter referred to as "the Property").

VII.

The Defendant, Allstate Texas Lloyd's, sold a policy of insurance, insuring the Property, to the Plaintiff, (hereinafter referred to as "the Policy").

VIII.

On or about September 24, 2005, Hurricane Rita struck Jefferson County, Texas causing severe damage to homes and businesses throughout the area, including the Plaintiff's residence. The Plaintiff submitted a claim to Allstate against the Policy for damage to the Property sustained as a result of Hurricane Rita. On or about August 8, 2006, at the Plaintiff's own expense, Terry Shipman, P.E. with Fitz & Shipman, Inc. inspected the Property. Mr. Shipman concluded in his subsequent report that Hurricane Rita caused frame and foundation movement

to the Plaintiff's home. Ironically, on or about November 17, 2006, Paul Williams of Haag Engineering Co., at the behest of Allstate, inspected the Plaintiff's residence and concluded that the foundation damage was not caused by Hurricane Rita. The amount Allstate Insurance has already paid Mr. Scott to cover the cost of removing debris from his insured property is entirely inadequate and wholly unreasonable.

IX.

The Plaintiff asked that Allstate cover the cost of repairs to the Property pursuant to the Policy. Allstate denied coverage for the damage. Allstate continues to wrongfully deny the Plaintiff's claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

X.

Allstate failed to perform its contractual duty to adequately compensate the Plaintiff under the terms of the Policy. Specifically, Allstate failed and refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by the Plaintiff. Allstate's conduct constitutes a breach of the insurance contract between Allstate and the Plaintiff.

XI.

The Defendant misrepresented to the Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. The Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(1).

XII.

The Defendant failed to make an attempt to settle the Plaintiff's claim in a fair manner, although they were aware of their liability to the Plaintiff under the Policy. The Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(2)(A).

XIII.

The Defendant failed to explain to the Plaintiff the reasons for their offer of an inadequate settlement. Specifically, the Defendant failed to offer the Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, the Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle the Plaintiff's claim. The Defendant's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060 (a)(3).

XIV.

The Defendant failed to affirm or deny coverage of the Plaintiff's claim within a reasonable time. Specifically, the Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from the Defendant. The Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

XV.

The Defendant refused to fully compensate the Plaintiff under the terms of the Policy, and the Defendant failed to conduct a reasonable investigation. Specifically, the Defendant performed an outcome-oriented investigation of the Plaintiff's claim, which resulted in a biased,

unfair and inequitable evaluation of the Plaintiff's losses on the property. The Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

XVI.

The Defendant failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging the Plaintiff's claim, beginning an investigation of the Plaintiff's claim and requesting all information reasonably necessary to investigate the Plaintiff's claim within the statutorily mandated fifteen (15) days of receiving notice of the Plaintiff's claim. The Defendant's conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE §542.055.

XVII.

The Defendant failed to accept or deny the Plaintiff's full and entire claim within statutorily mandated fifteen (15) business days of receiving all necessary information. The Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE §542.056.

XVIII.

The Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, the Defendant has delayed full payment of the Plaintiff's claim longer than allowed and, to date, the Plaintiff has not yet received full payment for her claim. The Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

XIX.

From and after the time the Plaintiff's claim was presented to the Defendant, the liability of the Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, the Defendant has refused to pay the Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. The Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

XX.

As a result of the Defendant's wrongful acts and omissions, the Plaintiff was forced to retain the professional services of the attorney and law firm who is representing them with respect to these causes of action.

XXI.

The Plaintiff's experience is not an isolated case. The acts and omissions the Defendant committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of the Defendant with regard to handling these types of claims. The Defendant's entire process is unfairly designed to reach favorable outcomes for the company at the expense of its policyholders.

**CAUSES OF ACTION AGAINST ALLSTATE**

XXII.

The Defendant is liable to the Plaintiff for intentional breach of contract, intentional violations of the Texas Insurance Code, and the intentional breach of the Defendant's duty of good faith and fair dealing.

**BREACH OF CONTRACT**

XXIII.

The Defendant's conduct constitutes a breach of the insurance contract made between the Defendant and the Plaintiff.

XXIV.

The Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas constitutes a breach of the Defendant's contract with Plaintiff.

**NONCOMPLIANCE WITH TEXAS INSURANCE CODE:**
**UNFAIR SETTLEMENT PRACTICES**

XXV.

The Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151

XXVI.

The Defendant's unfair settlement practice, as described above, of misrepresenting to the Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition, and an unfair and deceptive act of practice in the business of insurance. TEX. INS. CODE §541.060(1).

XXVII.

The Defendant's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though the Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of

competition, and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(2)(A).

XXVIII.

The Defendant's unfair settlement practice, as described above, of failing to promptly provide the Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for their offer of a compromise settlement of the claim, constitutes an unfair method of competition, and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(3).

XXIX.

The Defendant's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to the Plaintiff or to submit a reservation of rights to the Plaintiff, constitutes an unfair method of competition, and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(4).

XXX.

The Defendant's unfair settlement practice, as described above, of refusing to pay the Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition, and an unfair and deceptive practice in the business of insurance. TEX. INS. CODE §541.060(7).

**NONCOMPLIANCE WITH TEXAS INSURANCE CODE:**
**<u>THE PROMPT PAYMENT OF CLAIMS</u>**

XXXI.

The Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

XXXII.

The Defendant's failure to acknowledge receipt of the Plaintiff's claim, commence investigation of the claim, and request from the Plaintiff all items, statements, and forms that they reasonably believe would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of the TEX. INS. CODE §542.055.

XXXIII.

The Defendant's failure to notify the Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

**BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

XXXIV.

The Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

XXXV.

The Defendant's failure, as described above, to adequately and reasonably investigate and evaluate the Plaintiff's claim, although, at the time the Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

**KNOWLEDGE**

XXXVI.

Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

**DAMAGES**

XXXVII.

The Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by the Plaintiff.

XXXVIII.

For breach of contract, the Plaintiff is entitled to regain the benefit of his bargain, which is the amount of the claim, together with attorney fees.

XXXIX.

For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, the Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorney's fees. For the "knowing" conduct of the acts complained of, the Plaintiff asks for three times their actual damages. TEX. INS. CODE §541.152.

XL.

For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, the Plaintiff is entitled to the amount of his claim, as well as eighteen (18) percent interest per annum of the amount of such claim damages, together with attorney's fees. TEX INS. CODE. §542.060.

XLI.

For breach of the common law duty of good faith and fair dealing, the Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

XLII.

For the prosecution and collection of this claim, the Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, the Plaintiff is entitled to recover a sum for the reasonable and necessary services of the Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/ or the Supreme Court of Texas.

XLIII.

For the Plaintiff's damages described above, a maximum recovery of $74,999.99 is sought.

**JURY DEMAND**

XLIV.

The Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Jefferson County, Texas. The Plaintiff is tendering the appropriate jury fee.

**REQUEST FOR DISCLOSURE**

XLV.

Under Texas Rule of Civil Procedure 194, the Plaintiff requests that the Defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

**PRAYER**

WHEREFORE, the Plaintiff prays that Defendant be cited to appear and answer herein, and that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate him in accordance with the rules of law and procedure, both as to actual damages, treble damage under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, the Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court in his behalf expended, for pre-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which he may show himself justly entitled.

Respectfully submitted,

**BRENT COON & ASSOCIATES, P.C.**

RYAN C. SCOTT
Texas Bar No. 24013477
3550 Fannin St.
Beaumont, Texas 77701
Telephone: (409) 835-2666
Facsimile: (409) 833-4483
**ATTORNEYS FOR PLAINTIFF**

CAUSE NO. A179-460

| | | |
|---|---|---|
| WILLIAM SCOTT,<br>*Plaintiff,* | § | IN THE DISTRICT COURT OF |
| v. | § | JEFFERSON COUNTY, TEXAS |
| ALLSTATE TEXAS LLOYD'S,<br>*Defendant.* | § | 58[TH] JUDICIAL DISTRICT |

**DEFENDANT ALLSTATE TEXAS LLOYD'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Allstate Texas Lloyd's ("Defendant"), and files this its Original Answer to Plaintiff's Original Petition, and would respectfully show unto the Court the following:

## I.
## ORIGINAL ANSWER

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every, all and singular, the allegations contained within Plaintiff's Original Petition, and demands strict proof thereon by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

WHEREFORE, PREMISES CONSIDERED, Defendant Allstate Texas Lloyd's prays that upon final trial and hearing hereof, Plaintiff recovers nothing from Defendant, but Defendant go hence without delay and recover costs of court and other such further relief, both general and special, to which Defendant may be justly entitled.

Respectfully submitted,

Roger D. Higgins
State Bar No. 09601500
THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Telecopy: (214) 871-8209
**ATTORNEY FOR DEFENDANT**
**ALLSTATE TEXAS LLOYD'S**

## CERTIFICATE OF SERVICE

This is to certify that on July 6, 2007, a copy of this document was mailed via electronic transmission to:

Ryan C. Scott
Brent Coon & Associates, P.C.
3550 Fannin Street
Beaumont, Texas 77701

Roger D. Higgins